UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SMC CORPORATION, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:00cv-1095 LJM/VSS |
| ) | |
| PEOPLESOFT USA, INC., ) | |
| ) | |
| Defendant/Counterclaimant. ) | |

### ENTRY REGARDING MOTION TO RECONSIDER

This cause is before the magistrate judge on the Motion to Reconsider or Stay This Court's Order Requiring PeopleSoft to Reproduce Its 30(b)(6) Records Custodian for Deposition filed by defendant PeopleSoft USA, Inc. ("PeopleSoft"). Plaintiff SMC Corporation ("SMC") has filed a motion for leave to file a surreply in opposition to the motion; that motion is **GRANTED,** the surreply is **DEEMED FILED** as of this date, and the magistrate judge has considered it in ruling on PeopleSoft's motion. The magistrate judge, being duly advised, **DENIES** PeopleSoft's motion to reconsider but **GRANTS** PeopleSoft's motion to stay for the reasons set forth below.

On March 4, 2005, the magistrate judge denied PeopleSoft's motion for protective order, ruling that SMC could conduct a Rule 30(b)(6) deposition of PeopleSoft regarding certain discrete topics. The basis of that ruling was that the information sought by SMC was relevant to the issue of whether SMC is entitled to a spoliation of evidence inference in this case. However, it appears to the magistrate judge that the only claim remaining in this case to which a spoliation inference could be relevant is SMC's claim that certain limitation of liability provisions in the parties' contract are unconscionable and therefore unenforceable. PeopleSoft has now moved for summary judgment on that claim; indeed, the motion is fully briefed. The magistrate judge agrees with PeopleSoft that the most efficient course of action is to stay the Rule 30(b)(6) deposition

until after the court rules on the pending motion for partial summary judgment. If the motion is denied, the deposition shall be conducted as soon as practical. If the motion is granted, the deposition may be conducted only upon a showing by SMC that the information obtained therefrom would be relevant to a claim or defense still remaining in this case.

SO ORDERED: 07/01/2005

*V. Sue Shields*
V. Sue Shields, Magistrate Judge

Copies to:[1]

Keith Eliot Allen
MANDELL MENKES & SURDYK LLC
kallen@mms-law.net

Steven L. Baron
MANDELL MENKES & SURDYK
sbaron@mms-law.net

J. David Duffy
MANDELL MENKES & SURDYK
dduffy@mms-law.net

James A. Geiger
KATZ & KORIN
jgeiger@katzkorin.com

Thao Trong Nguyen
PLEWS SHADLEY RACHER & BRAUN
tnguyen@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

William C. Potter
KATZ & KORIN
wpotter@katzkorin.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Robert J. Schuckit
KATZ & KORIN
rschuckit@katzkorin.com
jhaskin@katzkorin.com

Steven J. Rosenfeld
MANDELL MENKES & SURDYK
srosenfeld@mms-law.net

---

[1] Pursuant to the Entry for February 6, 2004, all counsel of record were to have registered to use the court's CM/ECF system within ten days of the date of that Entry. As of September 1, 2004, registration also is required by this court's local rules. One of PeopleSoft's attorneys, Steve Mandell, still has failed to register.